DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[Sac. No. 104. Department Two.—November 7, 1896.]

## SAN JOAQUIN LUMBER COMPANY, RESPONDENT, v. S. L. WELTON ET AL., DEFENDANTS. M. C. SADLER ET AL., APPELLANTS.

MECHANICS' LIENS—CLAIM OF MATERIALMAN—COMPLETION OF WORK— CESSATION — PLEADING—UNCERTAINTY—WAIVER — EVIDENCE— FINDING.—Where the complaint of a materialman alleged that the buildings contracted for were in an unfinished condition, but that work ceased thereon "on or *about* the first day of April, 1894, and has not been resumed," and that plaintiff's claim of lien was filed for record on May 8, 1894, though such complaint is subject to a demurrer for uncertainty as to the time of cessation of the work, yet, in the absence of a special demurrer, objection on that ground is waived, and it may be proved and found that the work ceased on the first day of April, 1894; and the complaint and finding show with certainty a completion of the work thirty days after that date, and that the claim of lien was filed in time after such completion.

ID.—ATTORNEY'S FEE ON APPEAL.—Upon the affirmance of an appeal from a judgment enforcing a mechanic's lien, the supreme court will not make any directions to the lower court respecting the allowance of an attorney's fee for defending the appeal. Under section 1195 of the Code of Civil Procedure, that matter rests exclusively with the trial court.

APPEAL from a judgment of the Superior Court of Tulare County. WHEATON A. GRAY, Judge.

The facts are stated in the opinion.

CXV. CAL.—1                    (1)

*Fred H. Wood,* for Appellants M. C. and H. J. Sadler.

The allegation of the complaint that work ceased on the building "on or about the first day of April," is insufficient. (Code Civ. Proc., sec. 1187; *Kerckhoff etc. Co.* v. *Olmstead,* 85 Cal. 80; *Cohn* v. *Wright,* 89 Cal. 87; *Cook* v. *Heald,* 21 Ill. 425; *Cook* v. *Vreeland,* 21 Ill. 431; *Moser* v. *Matt,* 24 Ill. 198; *Burkhart* v. *Reisig,* 24 Ill. 529; Jones on Liens; sec. 1589.)

*Davis & Allen,* for Respondent.

If the complaint is defective in using the words "on or about," the defect is that of uncertainty, and it could have been demurred to on that ground. The objection not having been taken by demurrer was waived. (Code Civ. Proc., sec. 434; Bliss on Code Pleading, 2d ed., 689; *People* v. *Rains,* 23 Cal. 128; *Jones* v. *Block,* 30 Cal. 227; Gould on Pleading, 4th ed., sec. 58.) When a complaint contains the substantial averments of a cause of action, though defective in form and certainty, the defect is cured by verdict or default. (*People* v. *Rains, supra; Hentsch* v. *Porter,* 10 Cal. 555; *Jones* v. *Block, supra; King* v. *Davis,* 34 Cal. 106; *Sukeforth* v. *Lord,* 87 Cal. 403; *Lee* v. *Figg,* 37 Cal. 335; 99 Am. Dec. 271; *Christensen* v. *Jessen* (Cal.), 40 Pac. Rep. 747; *Indiana etc. R. R. Co.* v. *Petty,* 30 Ind. 261; *San Francisco* v. *Pennie,* 93 Cal. 465; *Bates* v. *Babcock,* 95 Cal. 482; 29 Am. St. Rep. 133; *Alexander* v. *McDow,* 108 Cal. 25; *Skyrme* v. *Occidental Mill etc. Co.,* 8 Nev. 219.)

VANCLIEF, C.—The action is to enforce an alleged lien on certain buildings for the value of materials, one hundred and eighty-six dollars and seventy-four cents, furnished by plaintiff to be used, and which were used, in the construction of said buildings.

The plaintiff had judgment by default, all the defendants having failed to appear. The defendants, H. J. and M. C. Sadler, have appealed from the judgment on the judgment-roll.

A reversal of the judgment is asked by appellant on the ground that no cause of action is stated in the complaint. The alleged defect in the complaint is that it does not show that plaintiff's claim of lien was filed for record within the time prescribed by section 1187 of the Code of Civil Procedure as amended March 15, 1887, which requires a furnisher of materials to file his claim of lien within thirty days after completion of the building, etc.; and that "cessation from labor for thirty days upon any unfinished contract or upon any unfinished building . . . . shall be deemed equivalent to a completion thereof."

It is alleged in the complaint, which was filed June 22, 1894: "That said buildings are in an unfinished condition; that work ceased thereon on *or about* the first day of April, 1894, and has not been resumed." It is also alleged that plaintiff's claim of lien was filed and recorded on May 8, 1894. If the work ceased on April 1st, or at any time before April 7th, the buildings were properly deemed completed before May 8th, when the claim of lien was filed for record, and the filing was within thirty days after such completion. It is claimed by appellant, however, that a cessation of work on April 9th would be within the meaning of the phrase "on *or about* the first day of April." But, even if this be conceded, I think it only follows that the allegation as to time of the cessation of work was uncertain, and subject only to a special demurrer on that ground; and that, in the absence of such demurrer, the plaintiff was entitled to prove that the work ceased on the first day of April, 1894. It appears that evidence was introduced and considered, and that the court expressly found: "That the work of constructing and erecting said dwelling-house and barn ceased on the first day of April, 1894, and said buildings were then left in an unfinished condition, and still remain in an unfinished condition." This finding supplied the only want of certainty in the complaint, since it was alleged in the complaint, and confessed by the default, that after the cessation the work had not

been resumed at the time this action was commenced. It follows that the only question worthy of consideration is whether or not the allegation as to the time of the cessation of the work was sufficient, in the absence of a special demurrer thereto, to admit proof and a finding of the exact date of such cessation.

The line of distinction between an uncertain or defective averment of a material fact, and a total want of such averment, is well defined by the authorities, especially in this state; and it has been uniformly held that, if the defect in the averment be merely that of uncertainty, it will be waived by failure to demur specially on the ground of uncertainty, and of course by a default. In *Bates* v. *Babcock*, 95 Cal. 482, 29 Am. St. Rep. 133, this court said:

"It is only where there is, in the complaint, an entire absence of averment of a fact essential to a recovery, so that no evidence of that fact could be received at the trial, that a judgment in favor of the plaintiff cannot be sustained; but, if the objection be merely that such fact is defectively alleged, evidence received under such averment, if sufficient, will sustain the judgment. While the complaint in the present case is not entirely free from criticism, and might have been made more certain and precise in some of its averments, yet we think that it contains a sufficient statement of facts to justify the court in receiving evidence thereof." To the same effect are cases of *San Francisco* v. *Pennie*, 93 Cal. 468, and *Schluter* v. *Harvey*, 65 Cal. 158. In *Garner* v. *Marshall*, 9 Cal. 269, Mr. Justice Field said:

"The general rule is that wherever facts are not expressly stated which are so essential to a recovery that, without proof of them on the trial, a verdict could not have been rendered under the direction of the court, there the want of the express statement is cured by the verdict, *provided* the complaint contain terms sufficiently general to comprehend the facts, in fair and reasonable intendment." (Citing Stephens on Pleading, 149.)

In the case at bar it cannot be doubted that the aver-
ment in question, by fair and reasonable intendment,
comprehends the fact found by the court, namely, that
work on the buildings ceased on the first day of April,
1894.   As to the continuous duration of the cessation
of the work for more than thirty days before the filing
for record the claim of lien, and that the claim of lien
was filed within thirty days after the constructive com-
pletion of the buildings, the complaint is sufficiently
certain.

I think the judgment should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the
judgment is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.

An application having been made to the supreme
court for an order directing the lower court to add to
the judgment an attorney's fee for defending the cause
on appeal, the following opinion was rendered thereon
on the 7th of December, 1896:

THE COURT.—A decision was rendered in this cause
by this Department on November 7, 1896, affirming the
judgment of the superior court.   The action was for the
enforcement of a mechanic's lien; and, since the decision,
the respondent has filed here a petition that this court
amend its judgment of affirmance, by directing the court
below to add to the amount of the original judgment an
attorney's fee for defending the cause in this court on
the appeal—under section 1195 of the Code of Civil
Procedure.   But it was held in *Schallert-Ganahl etc. Co.*
v. *Neal,* 94 Cal. 192, that "section 1195 of the code places
that matter in the hands of the superior court," and
that an order made here upon the subject would not be
binding upon the trial court.   An application for the
attorney's fee must, therefore, be made to the superior
court.

The petition is denied.