(January 19, 1909.)

H. T. WEST, Respondent, v. GEORGE HENRY JOHNSON, Appellant.

[99 Pac. 709.]

SUFFICIENCY OF COMPLAINT—GENERAL DEMURRER—BREACH OF CONTRACT —MEASURE OF DAMAGES.

1. Where the defendant fails to demur to the complaint or an alleged cause of action, and thereafter seeks to raise the question of the sufficiency of the complaint to support a judgment, the court will not consider any uncertainty or ambiguity it may contain which might have been raised by special demurrer, but will examine the pleading for the purpose of determining whether or not there is a

total lack of material allegations necessary to state any cause of action.

2. Where the question of the total insufficiency of a complaint or alleged cause of action is raised for the first time on appeal, the court will only examine the pleading for the purpose of ascertaining whether there is any allegation whatever that would support or justify the judgment, but will not consider the specific character of the allegation, the manner of making the same, the language in which it is couched, nor its uncertainty or indefiniteness, but before a judgment will be reversed on that ground, it must appear that there is a total lack of material averments.

3. The question as to the measure of damages is not one that can properly be raised by general demurrer to the complaint, but arises upon the trial, and may be raised on the introduction of evidence.

(Syllabus by the court.)

APPEAL from the District Court of the Fourth Judicial District, for the County of Twin Falls. Hon. E. A. Walters, Judge.

Action by the plaintiff for an accounting, dissolution of partnership, and for damages for breach of a contract. Judgment for plaintiff. Defendant appeals. *Affirmed.*

Clark & Budge, for Appellant, cite no authorities on points decided.

W. B. Davidson, for Respondent.

"It is only where there is in the complaint an entire absence of averment of a fact essential to a recovery, so that no evidence of that fact could be received at the trial, that a judgment in favor of the plaintiff cannot be sustained; but if the objection be merely that such fact is defectively alleged, evidence received under such averment, if sufficient, will sustain the judgment." (*Bates v. Babcock,* 95 Cal. 479, 29 Am. St. Rep. 133, 30 Pac. 605, 16 L. R. A. 745.)

The facts of the second cause of action tell sufficient to show a cause of action against the appellant and in favor of respondent, and comply with all the requirements as against a general demurrer. (*Crowley v. Croesus Gold etc. Min. Co.,* 12 Ida. 530, 86 Pac. 536.)

Taking the complaint in its entirety, it is possible that a motion to make it more definite and certain or a special demurrer would have been sustained in the court below; but appellant having failed to either demur or move to make the complaint more definite and certain, and having answered, it only becomes necessary for us to determine whether there is a sufficient statement of the facts to support the judgment. (*Rush v. Newman,* 58 Fed. 158, 7 C. C. A. 136; *Laithe v. McDonald,* 7 Kan. 261; *Glaspie v. Keator,* 56 Fed. 203, 5 C. C. A. 474; *Board of Commrs. v. Sherwood,* 64 Fed. 103, 11 C. C. A. 507; 14 Ency. Pl. & Pr., 334, and cases cited; *Aulbach v. Dahler,* 4 Ida. 654, 43 Pac. 322; *Hollister v. State,* 9 Ida. 651, 77 Pac. 339.)

"A general allegation in a complaint that by a breach of a contract plaintiff was damaged, is a sufficient allegation of damages as against a general demurrer." (*Wilson v. Clarke,* 20 Minn. 367; *Johnson v. Gilmore,* 6 S. D. 276, 60 N. W. 1070; *Wisner v. Barber,* 10 Or. 342; 1 Suther. Dam. 763; *Sunny Side Land & Imp. Co. v. Willamette Bridge Ry. Co.,* 20 Or. 544, 26 Pac. 835.)

AILSHIE, J.—This is an appeal from the judgment. The complaint contained two alleged causes of action. Under the first cause of action the plaintiff prayed for an accounting of the business and transactions of an alleged partnership, and a dissolution thereof, and for the sum of $851.98 as plaintiff's half of the proceeds of the partnership business. By the second alleged cause of action the plaintiff claimed damages in the sum of $5,000 for the breach by defendant of a contract previously entered into between plaintiff and defendant. The contract sued on is as follows:

"This agreement made and entered into this twenty-second day of December, 1904, between George Henry Johnson and Harry T. West, witnesseth, that the said G. H. Johnson agrees to at once proceed to perfect the patent for a certain grubbing machine on which the *caveat* has already been filed in the patent office at Washington; that when said patent is found to be procurable said G. H. Johnson agrees to deed to said H. T. West a one-half interest for the State of Idaho in all

the benefits of the patent or the use of said grubbing machines in said state.

"H. T. West agrees to at once upon the procuring of such patent and the execution of such deed, to a one-half interest for the state of Idaho—to furnish cash capital for the building of a sufficient number of such grubbers, to conduct a contract grubbing business, and a business of renting such grubbers out for hire or toll, and the number of such grubbers so built to be determined by the contracts obtained and the demand for machines so rented, but it being mutually agreed that no machines shall be built for sale or be sold—the capital so invested to be limited to two thousand dollars under this agreement.

"As soon as such patent is found to be procurable, it is mutually agreed to incorporate such business under the laws of the state of Idaho for carrying on the business of grubbing sagebrush by contract and the business of renting such machines for hire or toll or of manufacturing and selling such machines at a future date to be mutually agreed upon; but it is hereby agreed and made a part of this contract that no machine is to be manufactured for sale or sold for a period of five years from the date of this agreement without the consent in writing of both parties hereto. It is agreed that the company so formed shall execute to the said H. T. West their note or obligation for the different amounts so invested from time to time and all the property of the company shall be liable therefor, and that such notes or obligations shall be payable within one year from the date of the expenditure by said H. T. West of the amounts, but such notes or obligations shall bear no interest.

                      "GEORGE HENRY JOHNSON.
                      "H. T. WEST."

The first cause of action was referred to a referee to take testimony and report to the court. The referee heard the evidence and made findings and reported the same to the court. The court adopted the referee's report as the findings of the court, and awarded the plaintiff damages in the sum of $220.43 under the first cause of action. No demurrer was

interposed to the complaint and there was no answer made to the second alleged cause of action. The plaintiff moved for judgment on the pleadings, which was granted by the court, and judgment was accordingly entered on the second cause of action as prayed for by the plaintiff.

The question is raised on the appeal that the complaint totally failed to state any cause of action whatever against the defendant, and that for that reason the judgment must be reversed. This contention is specially urged against the second cause of action. We shall consider the sufficiency of the second cause of action set out, because if that is found to be sufficient to support a judgment in favor of the plaintiff, it will decide this appeal. It is alleged by the plaintiff in substance that the foregoing agreement was made and entered into between plaintiff and defendant, and that defendant represented to plaintiff that he was proceeding with due diligence in procuring said patent and in performing his part of the agreement, and that, relying upon the agreement, plaintiff, at Wichita, Kansas, constructed, at his own expense, eight grubbing machines, and paid therefor, including the freight, to Twin Falls, Idaho, the sum of $1,800.70. That he performed labor thereon for the period of three months in constructing the machines; that the business was conducted by plaintiff and defendant as partners, and that the defendant for his half interest in the business, was to pay the expenses of procuring the patent right, and was to deed a one-half interest therein to the plaintiff; that about the time plaintiff had constructed said machines, other parties had manufactured and sold in the state of Idaho, a large number of similar grubbing machines "which would have been an infringement" upon the patent right if defendant had obtained the same, but that on account of defendant's lack of diligence and his failure to procure the patent and failure to furnish the deed for a one-half interest therein to plaintiff, the plaintiff had been unable to prevent the manufacture and sale of the other similar machines, and that such other machines have come into competition with machines built by the plaintiff to his great injury, etc.; that plaintiff has performed labor in managing and conducting the partnership business,

and advanced money to pay the expense of said business, including wages and labor, cost of provisions, supplies, etc., amounting to $4,009.58, and that in addition thereto, the partnership has used personal property belonging to plaintiff, and that the value of the use thereof is $421; that plaintiff fully complied with his part of the contract and agreements in all respects, but that defendant failed, neglected and refused to comply with his part thereof.

Paragraph 8 of plaintiff's second cause of action contains the following allegations:

"But plaintiff alleges that said defendant has wholly failed to deed to him said one-half interest or any part thereof, and, upon information and belief alleges, that said Johnson has stopped and delayed the issuance of said patent, and that the same has been stopped by his order and direction for the purpose of preventing said West from acquiring an interest therein under the aforesaid agreement and for the purpose of defrauding said West out of his interest therein."

The following is also found in the closing paragraph:

"And alleges that by the failure, neglect and refusal of said defendant to get said patent, and his failure, neglect and refusal to proceed with diligence and in good faith to get said patent and to deed to said West an interest therein as agreed, said West has been injured to the amount of five thousand dollars."

Appellant insists that the alleged second cause of action failed to state facts sufficient to support a judgment. The substance of the argument made is that since the contract sued upon recognized that the machine had not yet been patented, and that it had not yet been determined that it was patentable, it therefore became necessary for the plaintiff, in order to lay the foundation for an action for damages, to allege either that the machine was subsequently patented or that it was a patentable invention, and that it could have been patented so as to have prevented the manufacture and sale of the other "similar machines," and thereby have furnished plaintiff the basis for an action to restrain an infringement of the patent right and the manufacture and sale of the

"similar machines." It is also contended that the complaint is so uncertain and indefinite that the defendant could not ascertain the causes or grounds on which plaintiff sought to recover damages. Appellant says in his brief: "It is difficult to determine upon just what theory respondent considers himself damaged. It is uncertain whether he considers the $5,000 represents the value of the one-half interest in the patent which he expected to acquire, or whether he considers that if no similar machines had been manufactured and sold in Idaho, and there had been no competition, the partnership would have earned $10,000 by the grubbing business, and by renting grubbers, of which the $5,000 is his proportionate share, or whether he makes the conjecture that if said patent had been obtained and one-half of the right within the state of Idaho had been deeded to him, that for the infringement thereof by the other parties who manufactured and sold 'similar machines' in this state, the partnership might have recovered $10,000, of which $5,000 is his proportionate share." It is also contended by appellant that the measure of damages adopted by the pleader is erroneous and improper and could not be sustained by the court. These are substantially the grounds alleged by appellant for a reversal of the judgment.

In the first place, it is sufficient to say that any uncertainty or ambiguity found in the complaint as to the causes or grounds on which plaintiff sought to recover damages cannot be raised for the first time on appeal. That question should have been raised by special demurrer. In *Aulbach v. Dahler*, 4 Ida. 654, 43 Pac. 322, this court said: "If the complaint was ambiguous, unintelligible or uncertain, the defendant should have demurred on those grounds. Having failed to do that, he waived all rights that he may have had on these grounds." As to the measure of damages adopted by the pleader, it is sufficient to say that that question cannot be raised in this manner. That is a question to be raised by motion or upon the trial when the proofs are offered. It cannot be urged by a general demurrer to the complaint. As to the contention made with reference to the patent of the ma-

chines, we think that question has been answered and entirely disposed of by the allegations of the complaint whereby it is charged that defendant "stopped and delayed the issuance of said patent, and that the same has been stopped by his order and direction for the purpose of preventing said West from acquiring an interest therein under the aforesaid agreement and for the purpose of defrauding said West out of his interest therein." The complaint charges a compliance with the provisions of the agreement on the part of the plaintiff and a breach on the part of the defendant, and that the defendant had delayed the patent proceedings for the purpose of defrauding plaintiff. These allegations, if true, constitute a breach of the contract sued upon, and would entitle the plaintiff to a recovery of at least nominal damages. (*Sunny Side Land & Imp. Co. v. Willamette Bridge Ry. Co.*, 20 Or. 544, 26 Pac. 835; *Johnson v. Gilmore*, 6 S. D. 276, 60 N. W. 1070.) If the defendant at the time of entering into the contract knew that in fact the machine was not patentable and that a patent could not be procured thereon, he was guilty of a fraud in entering into the contract with plaintiff when he possessed such knowledge. If, on the other hand, he entered into the contract in good faith, which we must assume, then it was clearly his duty to prosecute the application for patent right, either to a successful issue, or until he had demonstrated that a patent could not be procured thereon. Instead of doing this, it is alleged that he delayed the proceeding, and that the delay was for the purpose of defrauding the plaintiff. It may readily be admitted that this complaint was open to successful attack by special demurrer, but the defendant waived all such rights, and must rest here entirely upon the proposition that there is a total failure to state any facts in the complaint upon which a judgment could rest. As said by this court in *Hollister v. State*, 9 Ida. 659, 77 Pac. 339. "It is only where there is a total lack of the necessary material allegations that the defendant is justified in suffering a default and raising its insufficiency upon appeal; but where the allegation has been made and he attacks it upon its uncertainty or ambiguity, or the manner

of making the allegation or language thereof, he must do so by proper demurrer."

In the last named case this court cited with approval *Bates v. Babcock*, 95 Cal. 482, 29 Am. St. Rep. 133, 30 Pac. 605, 16 L. R. A. 745. In that case the California court said: "It is only where there is in the complaint an entire absence of averment of a fact essential to a recovery, so that no evidence of that fact could be received at the trial, that a judgment in favor of the plaintiff cannot be sustained, but if the objection be merely that such fact is defectively alleged, evidence received under such averment, if sufficient, will sustain the judgment." To the same effect see *San Francisco v. Pennie*, 93 Cal. 465, 29 Pac. 66; *San Joaquin Lumber Co. v. Welton*, 115 Cal. 1, 46 Pac. 735; *Fudicker v. East Riverside Irr. Dist.*, 109 Cal. 34, 41 Pac. 1024; *Rush v. Newman*, 58 Fed. 158, 7 C. C. A. 136; *Laithe v. McDonald*, 7 Kan. 261.

The complaint in this case contains sufficient allegations to support the judgment. It is unnecessary to consider the various theories upon which damages are predicated or the uncertainties or ambiguities of the complaint, for the reason that those matters are not properly raised in the trial court and cannot be considered here. It follows from what has been said with reference to the second cause of action, that the first alleged cause of action is also sufficient to support the judgment of the trial court. The judgment is affirmed, with costs in favor of respondent.

Sullivan, C. J., and Stewart, J., concur.