[Civ. No. 934. Second Appellate District.—May 1, 1912.]

## S. WEBSTER, Respondent, v. CHRIS CARR, Appellant.

MECHANIC'S LIEN—FORECLOSURE — PLEADING—TIME FOR PERFORMANCE OF WORK—GENERAL DEMURRER—CAUSE OF ACTION.—A complaint in an action to foreclose a mechanic's lien, which alleges the performance of ten days and seven hours' work upon the building between the first day of June and the twenty-first day of July, 1909, and that the building was completed on the sixth day of July, 1909, shows that sufficient time elapsed for the completion of such work before the completion of the building, and is not subject to a general demurrer on the ground that it does not state a cause of action.

ID.—GROUND OF SPECIAL DEMURRER FOR UNCERTAINTY—ABSENCE OF SPECIAL DEMURRER—WAIVER.—The only ground of objection to the complaint is that it is uncertain as to the time within which the work was performed, and when it ceased; but in the absence of a special demurrer on that ground, objection to such uncertainty is waived, and cannot be considered upon appeal.

APPEAL from a judgment of the Superior Court of Kern County.    Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

J. R. Dorsey, for Appellant.

T. F. Allen, for Respondent.

JAMES, J.—Plaintiff brought this action to enforce by foreclosure an alleged lien accruing to him as a mechanic who performed labor upon a building being constructed for defendant.   It is alleged in the complaint that defendant entered into a contract with one Morgan for the construction of a five-room brick cottage and that the contract was in writing and duly recorded; that plaintiff was employed by Morgan, the contractor, to perform labor as a painter upon the cottage, for which Morgan agreed to pay him the reasonable value of his services; that pursuant to such employment plaintiff did, "between the first day of June, 1909, and the twenty-first day of July, 1909," perform ten days and seven hours' labor in painting said cottage, which labor was of the reasonable value of $54.37.   It was further alleged that the cottage was completed on the sixth day of July, 1909, but that no notice of completion was filed with the county recorder, and that on the twenty-first day of July, 1909, plaintiff filed and recorded his claim of lien.   The complaint contained other appropriate allegations as to the description of the real property upon which the cottage was constructed, and set forth that the land described was necessary for the convenient use of the building.   To this complaint a general demurrer was interposed, which was overruled by the court and defendant having failed to answer the complaint within the ten days allowed him so to do, decree was thereupon entered in accordance with the prayer of the complaint.   From that judgment the appeal is taken.

It is insisted on the part of appellant that the complaint of plaintiff failed to state a cause of action for the reason that it does not appear therefrom that the labor performed by the plaintiff was performed prior to the date of the completion of the building, which plaintiff alleged to be the sixth day of July, 1909.   To give force to this contention plaintiff's alle-

gation that the work performed by him was done between the first day of June and the twenty-first day of July is referred to, and it is argued that for aught that is disclosed by the complaint the ten days and seven hours' work may have been performed after the sixth day of July. It is true that sufficient time had elapsed after the date upon which it is alleged the building was completed, and before the twenty-first day of July, to comprehend the entire term during which plaintiff alleged that he performed the work, but it is equally true that such labor may have been performed between the first day of June and the sixth day of July. The allegations of the complaint made it uncertain as to the particular time and date when the work commenced and when it ceased. However, this defect was not such as to render the complaint insufficient in its statement of a cause of action, that being the only ground assigned by the demurrer. Defendant having failed to assign uncertainty in the complaint as a ground of objection by demurrer, that objection was waived and cannot here be considered. (*San Joaquin Lumber Co.* v. *Welton et al.*, 115 Cal. 1, [46 Pac. 735, 1057].)

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.