UTAH & NORTHERN RAILWAY COMPANY, Appellant, *v.* WILLARD CRAWFORD, District Attorney, Respondent.

PRACTICE.—Under the code of procedure a defendant is not only permitted, but is required to set up all matters of defense, by answer in the original action, whether such matters are legal or equitable in their character.

IDEM—INJUNCTION ENJOINING ACTION AT LAW.—A defendant may not, under the code, bring his separate suit in equity to enjoin the original action at law when his complaint consists of matter defensive to such original action.

DEFINITION OF "DEFENSE."—A defense, in the sense of the code, is a right possessed by the defendant, which, either partially or wholly, defeats the plaintiff's claim.

CONSTRUCTION OF STATUTES.—Remedial statutes are to be construed to prevent a failure of the remedy, and extended to later provisions by subsequent statutes.

EXEMPTION FROM TAXATION.—Subdivision 2 of section 39 of the revenue act applies to all statutory exemptions from taxation.

APPEAL from the third judicial district, Oneida county.

*Parley L. Williams,* for the appellant.

*Huston & Gray and Higbee & Smith,* for the respondent.

PRICKETT, J., delivered the opinion. MORGAN, C. J., and BUCK, J., concurred.

The plaintiff brought its action in equity to enjoin the defendant as district attorney, and his successors in that office, from further prosecuting an action instituted by him, in the district court of Oneida county, to recover of the plaintiff the sum of two thousand and sixty-eight dollars territorial and county taxes levied and assessed for the year 1878, upon that portion of its railroad line and track, including the rolling stock, depots, and buildings belonging to the same, situate within the exterior boundary lines of Oneida county.

The grounds upon which the injunction is claimed as set forth in the complaint are: 1. That the property assessed, or so much of it as lies in Idaho territory, was exempt from taxation under an act of the legislature approved January 9, 1873. 2. That a portion of the property so assessed is upon the Fort Hall Indian reservation, and therefore without the jurisdiction of the taxing officers of Oneida county, for the reason that said Indian reservation constitutes no portion of the territory of Idaho, or of the county of Oneida. 3. As a reason why this exemption and these facts were not set up by answer in the suit for the recovery of the taxes, that the plaintiff herein was not at liberty to do so under the statutes, but was and is prohibited therefrom by the provisions of section 39 of the revenue law.

The defendant demurred to the complaint on the grounds that it does not state facts sufficient to constitute a cause of action, and that another action is now pending in the same court between the same parties for the same cause. The district court sustained the demurrer, and rendered a judgment dismissing the complaint; from which judgment the plaintiff appealed to this court, and assigns the order sustaining the demurrer as error.

The first question that arises in this case is one of prac-

tice, for it is an admitted proposition, that if the facts stated in the complaint in this action could have been alleged and proven in defense to the action brought by the defendant for the recovery of the taxes, this action can not be maintained. The question is, therefore, could these facts have been so pleaded and shown? Under the ancient system of practice and pleading the course pursued by the plaintiff in this case would, without doubt, have been correct. Conceding all the facts set forth in the complaint to be true, which for the purposes of the demurrer must be done, the plaintiff would not have been permitted under the old practice to set up equitable matter in defense to the statutory action for the recovery of the taxes, but would. have been compelled to institute an independent and separate suit in a court of equity by which it might enforce its equitable right, and in the mean time enjoin the further prosecution of the suit for the taxes. The code of procedure, however, which has been adopted as the rule of practice in this territory, has effected wide and radical changes in that respect. It provides that "there shall be in this territory but one form of civil action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, which shall be the same at law and in equity;" that "all the forms of pleadings and the rules by which the sufficiency of the pleadings shall be determined shall be those prescribed in this act;" that "the answer of the defendant shall contain: first, if the complaint be verified, a specific denial to each allegation of the complaint controverted by the defendant, or a denial thereof, according to his information and belief; if the complaint be not verified, then a general denial to each of said allegations, but a general denial shall only put in issue the material and express allegations of the complaint; second, a statement of any new matter or counter claim constituting a defense in ordinary and concise language," and that "the defendant may set forth by answer as many defenses and counter claims as he may have," etc.

These provisions abolish the circuitous, tedious, and expensive methods of the common law, and substitute rules

of pleading and practice, which not only permit, but require, a defendant to set up any and all defenses that he may have, whether legal or equitable in character, by answer in the original action.

A defense to an action or a cause of action in the popular sense of the code, is a right possessed by the defendant, arising out of the facts alleged in his pleadings, which, either partially or wholly, defeats the plaintiff's claim. Considering the complaint of the plaintiff in this action in connection with this definition, it clearly appears that the facts alleged therein were intended for no other purpose than to defeat the claim for the taxes. The claim of the public is, that taxes are due from the railway company, for which judgment and execution is demanded as a remedy. The opposing defense of the railway company is that, under the provisions of an act of the legislative assembly of Idaho territory, the right of exemption from taxation was conferred on the company, and that as the people had no right to tax the property, they are not entitled to the remedy demanded in the action to recover the taxes. The right which the railway company thus claim to be entitled to, and to be in possession of, is clearly, if established, defensive to the claim of the people for the taxes.

But it is insisted by the appellant, that they are prohibited by statute from alleging or claiming exemption from taxation, by answer in the action for the taxes; and therefore they must be permitted to assert their right in equity. If the premises upon which this proposition is based were correct, it would, perhaps, be a sufficient answer to the conclusion of counsel, based thereon, to say, if such exemption can not be alleged by answer, neither can it be allowed to be done by a complaint which contains matter of a defensive nature only, because it would be permitting to be done, indirectly, that which may not be done directly. If the matter contained in this complaint constitutes no defense to the action for taxes, neither does it constitute a cause of action against the people to prevent the recovery of the taxes, after action has been commenced for that purpose.

But we are not convinced of the correctness of the premises assumed by counsel for the appellant upon this point. The act under which the appellant claims exemption from taxation, was approved January 9, 1873. By section 39 of the act to provide a system of territorial and county revenue, etc., approved January 15, 1875, page 495 of the compiled laws, it is provided that in actions for the recovery of taxes, " the defendant may answer, which answer shall be verified; * * * second, * * * that such property is exempt from taxation under the provisions of section 4 of this act." * * * "And no other answer shall be permitted."

Section 4 of that act does not mention or include any railway, or the property of the appellant. It is said by counsel for the appellant, that inasmuch as it is within the power of the legislature to provide for the collection of taxes in a summary manner, and without suit, that it may limit the defenses to be interposed in an action for the taxes. Be this as it may, upon a careful examination of the history of this statute we find that it was originally enacted and approved February 4, 1864, 1 Session Laws, 412, that it was re-enacted January 13, 1869, 5 Session Laws 39, and that it was carried forward from the fifth session laws, to the compiled laws, and re-enacted January 15, 1875. It must therefore be regarded merely as a continuation of section 39 of the revenue law of the fifth session. At the time of the first enactment of that section, and until the passage of the act under which the appellant claims exemption from taxation, section 4 of the revenue act, designated all the kinds and classes of property excepted or exempted from taxes; so that the words "under the provisions of section 4 of this act," contained in the subdivision of section 39 of the revenue law above quoted, were then meaningless. They did not restrict the answer to any particular kind or class, but all exemptions were allowed in defense notwithstanding those words. The evident intention of the legislature was to allow the defense to be set up in answer to a suit for taxes, in all cases where property was exempt by law, and there is nothing in the fact that these words have been car-

ried forward to a subsequent compilation, that leads us to conclude that there has been any change of such intention on the part of the legislature.

To impute to the legislature an intention to confer upon parties an abstract right, while withholding all remedy for its enforcement, would be charging it with "keeping the word of promise to the ear, and breaking it to the hope;" in fine, of a gross absurdity. Remedial statutes should always be construed to prevent a failure of the remedy, and extended to later provisions by subsequent statutes, and this case comes clearly within those rules.

The conclusion we thus arrive at, is that the appellant in this case, the defendant in the tax suit, if its property was exempt from taxation for the year 1878, must claim such exemption by answer in that suit, and that the demurrer to the complaint in this action was properly sustained.

The judgment of the district court is affirmed.