(January 21, 1896.)

## AULBACH v. DAHLER.

[43 Pac. 322.]

PLEADING—CAUSES OF ACTION SEPARATELY STATED.—Under that provision of section 4169 which requires each cause of action to be separately stated it is not necessary to rewrite in each subsequent count the preliminary averments of the first count, but it is sufficient if such allegations be referred to by apt and express words making such allegations a part of each subsequent count.

SAME—SECTION 2609 OF THE REVISED STATUTES CONSTRUED.—*Held,* that the complaint states a cause of action against appellant and alleges his liability as a stockholder under the provisions of section 2609 of the Revised Statutes.

SAME—DEMURRER—WAIVER.—If the complaint is ambiguous, unintelligible, or uncertain, and the defendant fails to demur thereto on these grounds, he waives them.

ALLEGATIONS AND PROOFS.—If, during the trial of a cause, the defendant is misled to his prejudice because of the variance between the allegations of the complaint and the proofs, he should then and there notify the court of that fact, and ask for proper relief. If he does not, he will not be permitted to first raise said question on motion for a new trial, or on appeal.

TRANSFER OF STOCK—SECTION 2611 OF THE REVISED STATUTES.—A transfer of stock under the provisions of section 2611 of the Revised Statutes is not valid, except between the parties thereto, until the same is entered upon the books of the corporation, in manner and form as required by said section.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Charles W. O'Neil, for Appellant.

W. B. Heyburn and E. M. Heyburn, for Respondent.

No brief filed on rehearing of motion to dismiss.

SULLIVAN, J.—This action was brought by Aulbach, the respondent, against the Bank of Murray (a corporation), Charles Hussey and Charles L. Dahler, to recover about $3,000, alleged to be due on certain certificates of deposit issued by said bank to divers persons, and assigned to said Aulbach. The amended complaint alleges that the Bank of Murray was and is a corporation organized under the laws of Idaho, and began doing business at the town of Murray, in Shoshone county, about August 9, 1884; that defendant Charles L. Dahler is, and during the existence of said corporation was, the president of, and a stockholder of, said corporation, and as such stockholder, at all times mentioned in the complaint, was the owner of two hundred and fifty shares of the capital stock of said corporation, which was one-half of its capital stock, and that said Dahler is and was a citizen and resident of the state of Montana; that said two hundred and fifty shares of stock were issued and delivered to said Dahler, and that during all the time mentioned in the complaint he owned and held the same, and received profits and dividends earned by and accruing to his interest in said bank, but that he did not pay the full price

for said shares, the par value of which was $25,000; that he had paid only $10,000 thereon, and that there remained unpaid on said shares the sum of $15,000; that said Charles Hussey was the owner of two hundred and forty-seven shares of said stock; that there is now due and owing from said Hussey to said bank, on said stock, the sum of $24,700. In paragraph 3 of said amended complaint, it is alleged that the capital stock of said bank consisted of five hundred shares, of the par value of $100 per share, and on the first day of September, 1884, all of the shares aforesaid were subscribed for and issued to the following named persons, viz.: To Warren Hussey, one share; to Charles L. Dahler, two hundred and fifty shares; to C. D. Porter, one share; to Charles Hussey, two hundred and forty-seven shares; to Albert Allen, one share; that said stock so issued has continued to be held and owned by said subscribers, and that no part of the price of the stock issued to the said Warren Hussey, Charles Hussey, C. D. Porter or Albert Allen had ever been paid to said corporation. Paragraph 5 alleges the insolvency of said bank; that it has closed its doors, and has no property or assets with which to pay the claims of its creditors. Paragraph 6 alleges that on June 10, 1890, the said bank made, issued and delivered its certificate of deposit to one William Foster for the sum of $120, payable in current funds; that said Foster duly indorsed said certificate to the plaintiff; that thereafter said certificate was properly indorsed and presented to said bank for payment, and payment thereof refused; that there is now due on said certificate the sum of $120, with interest thereon at the rate of ten per cent per annum from the twentieth day of December, 1890. There are twenty-six additional causes of action set forth in said amended complaint, each of which is substantially the same as the one above set forth, except as to date of certificate of deposit, name of depositor, and amount deposited, and the concluding paragraph, which is changed to meet the facts of each case. Service of summons was made by publication. The bank and Charles Hussey failed to appear, and default was entered against them. Defendant Dahler appeared, and demurred to the complaint. The demurrer was overruled, and defendant Dahler thereupon answered, the substance of which answer is that he did subscribe

for said two hundred and fifty shares of stock, and that the same were issued to him, and that he paid therefor the full price, at its par value, for each and every share of said stock; that he became president of said bank, and a stockholder therein, about April, 1885, and about April, 1887, said two hundred and fifty shares of stock were issued to him; that about December 1, 1887, for a valuable consideration, he sold all of the interest which he had then in said bank, and transferred and assigned to the purchasers all of said stock, and that since that date he had had no interest in said bank, nor been its president, nor in any way connected with it, nor owned or controlled any shares of stock therein; that since about April 1, 1887, each and every share of the capital stock of said bank, to the number of five hundred shares, of the par value of one hundred dollars each, was fully paid to said corporation; and that all of the indebtedness mentioned in said complaint was incurred since December 1, 1887. The cause was tried by the court with a jury, and a verdict was found in favor of the plaintiff for $2,995.59, and a several judgment entered thereon against the Bank of Murray for $2,995.59; against Charles L. Dahler for $1,497.79; against Charles Hussey for $1,491,80. A motion for a new trial was interposed and overruled, and defendant Dahler appealed from said order, and from the judgment entered against him.

There are twenty-seven causes of action stated in the complaint, and they cover one hundred and eight pages of the transcript. The first four paragraphs, and a part of the fifth of each cause, are identically the same, and each covers a little more than three pages of the transcript; thus making twenty-six repetitions of said paragraphs, which repetitions cover fully eighty pages of the transcript, and all other allegations only twenty pages thereof, exclusive of the prayer, thus creating a large expense to the litigants. The question has been raised as to whether the provision of section 4169 of the Revised Statutes, requires the pleader to rewrite, in all counts after the first, the allegations of the first which are common to all subsequent counts, or whether the paragraphs of the first count which are common to all may not be referred to, in each subsequent count, in apt and express words, and thus be made a part of each sub-

sequent count. I am aware that some authorities condemn the latter method of pleading suggested, as slovenly and not to be tolerated; but in the case at bar those useless repetitions occupy at least two-thirds of the transcript, at a cost of not less than $100 to the litigants, and subserve no beneficial purpose. Referring to this method of pleading, the supreme court of California, in *Pennie v. Hildreth,* 81 Cal. 127, 22 Pac. 398, says, "Each count of a pleading must state a cause of action, and be complete within itself, without reference to any other count"; while in *Green v. Clifford,* 94 Cal. 49, 29 Pac. 331, that court says: "It has never been the settled law here that the preliminary averments of a complaint can never be made part of subsequent counts, by apt and express reference, and without being rewritten," and holds that the hostile criticism of that method of pleading in *Pennie v. Hildreth, supra,* was mere *dicta.* In *Haskell v. Haskell,* 54 Cal. 265, the court quotes approvingly from Chitty's Pleading as follows: "But, unless the second count expressly refers to the first, no defect therein will be aided by the preceding count." The conclusion I reach is that when several causes of action are united, under the provisions of section 4169 of the Revised Statutes, it is not necessary to rewrite in each count after the first all common allegations, but it is sufficient if apt and express reference is made in each subsequent count to the preliminary allegations stated in the first, thus making them a part thereof.

The main contention of appellant is that the complaint states a cause of action under an act approved March 11, 1891, amending section 2609 of the Revised Statutes (see 1st Sess. Laws, 1891, p. 172), while the court tried the suit as one brought under the provisions of said section 2609, and for that reason appellant was misled and was thereby prevented from making a successful defense. Said section provides, among other things, that each stockholder of a corporation is personally liable for such proportion of its debts and liabilities as the amount of stock or shares owned by him bears to the subscribed capital stock of the corporation, and for a like proportion only of each debt or claim against the corporation. The act of 1891, above cited, amends said section in such a manner as to make each stockholder liable for the full amount unpaid upon the stock

held by him. The second section of said act is as follows: "That all corporations doing business in this state, whether organized under the laws of this state, or some other state, desiring to avail themselves of the provisions of this act, shall cause to be written or printed after the corporate name, or its stock certificates, letter and bill heads, and all its official documents the word 'Limited'; also after the corporate signature to all official or public documents the word 'Limited.'" Approved March. 11, 1891. The complaint shows that said banking corporation was organized under the laws of this state in 1884, and became insolvent and went out of business in 1890—some time before act of March 11, 1891, became a law; hence its stockholders could not come within its provisions, as to their liability to the creditors of the bank. Their liability is governed by the provisions of said section 2609, and the complaint states a cause of action thereunder. If the complaint was ambiguous, unintelligible or uncertain, the defendant should have demurred on those grounds. Having failed to do that, he waived all rights that he may have had on those grounds. (*Palmer v. Railway Co.,* 2 Idaho, 315, 13 Pac. 425.) If he found during the trial that he had been misled by the allegations of the complaint, he should have then and there so advised the court. Section 4225 of the Revised Statutes provides that no variance between the allegations and proofs shall be deemed material, unless it has actually misled the adverse party, to his prejudice. In that case it is the duty of the adverse party to show such fact to the court. When the variance is not material, the court may direct the fact to be found according to the evidence. (Rev. Stats., sec. 4226.) If there is a variance between the cause of action, as stated in the complaint, and the proofs, the objection cannot be first made on motion for a new trial, or on appeal in this court. (*Bell v. Knowles,* 45 Cal. 193.) The complaint contains allegations that are mere surplusage, which might have been stricken out on motion; but, as no motion was made for that purpose, that objection was waived.

The appellant contends that, had he not been misled by the allegations of the complaint, he might have established by the testimony of Dahler and Charles Hussey such a registry of the stock of Dahler as would satisfy the provisions of section 2611

of the Revised Statutes, which section provides, among other things, that the transfer of shares of stock is not valid, except between the parties thereto, until the same is so entered upon the books of the corporation as to show the name of the parties by and to whom transferred, the number and designation of the shares, and the date of the entry.  Mr. Dahler testified that he sold his shares to Charles Hussey, and surrendered them to him, in December, 1887; but the books of the corporation were introduced, and they do not show a transfer of the stock from Dahler.  So, under the provisions of said section, the sale and transfer to Hussey would not be valid, as between Aulbach and Dahler, as the transfer was not entered on the books of the corporation.  The testimony of Hussey should not have been admitted, if offered, and, if admitted, could in no wise relieve Dahler of his liability as stockholder of said corporation, under the provisions of said section 2609.  The books of the corporation contained the only proper evidence to show the transfer of said stock as between Aulbach and Dahler.  That being true, the testimony of Mr. Hussey could have been of no benefit to Dahler in establishing his defense in this case.  It appears from the record that as complete a defense as was possible to be made, on the ground that Dahler had sold and transferred his stock, was made, and that a new trial could not possibly result more favorably to the appellant than the one entered.  The several alleged errors, discussed by counsel for appellant in his brief, have been examined, and no prejudicial error discovered.  The judgment of the court below is affirmed.  Costs of this appeal awarded to respondent.