### GELVIN v. PERKINS et ux.

No. 27107.   May 11, 1937.

L. L. Cowley, for plaintiff in error.

James M. Hays, for defendants in error.

BAYLESS, V. C. J. This is an appeal from the district court of Okmulgee county, Okla. E. A. Gelvin appeals from a judgment in favor of Loyd Perkins and wife. Perkins and wife sued for compensation for services rendered under a written contract with Gelvin. It is admitted that the contract was entered into in December, 1934, in writing, to cover the year 1935. The first paragraph, relating to the milking and the wages therefor, is not involved. The second paragraph of the contract reads:

"To work at any and all farm work, such as plowing, hoeing, fencing, haying, getting wood, gardening, hawlng (sic.) manure or anything else in connection with the farm or cattle, for which they are to have ten acres of ground for the year 1935 to plant in any kind of crop they wish to plant (this ten acres to be rent free)."

It is this second paragraph which is involved herein. It is admitted that Perkins began working January 1, 1935, and worked until July 6th. The dispute submitted to the jury related to why he quit at that time. He said Gelvin discharged him by expressing dissatisfaction with his work and declining his proffered assistance. Gelvin said Perkins quit by failing to appear further for work. The jury found for Perkins, so it must be taken that it believed and found that Gelvin breached the contract by discharging Perkins and wife.

The first proposition argued relates to the measure of damages for Perkins' recovery. Gelvin cites the general rule laid down by our statutes (sections 9963, 9983, 10000, and 10001, O. S. 1931) and insists that this rule applies. He insists, further, that the compensation recoverable is limited to that specified in the contract, and quantum meruit has no place herein. He cites many authorities. We have no fault to find with them as applied to the facts upon which they are based, but they are not analogous nor controlling.

The general rule has almost as many qualifications and particular applications as there are subjects about which people may contract. The particular subject we are dealing with is the measure of compensation for a farm laborer whose compensation depends upon complete performance or by dependence upon what he raises or the profits of the venture.

The law is well settled that where a contract for a farm laborer's service provides for compensation on conditions similar to those just mentioned, and it is breached before he has an opportunity to complete performance and he is thereby prevented from

establishing a basis upon which his compensation could be ascertained with some degree of certainty, he may treat the contract as rescinded and recover for the value of his services on a quantum meruit basis. 39 C. J. 171, sec. 234, note 80; Murphy v. Williamson, 180 Iowa, 291, 163 N. W. 211; and Bookhout v. Vuich, 101 Wash. 511, 172 P. 740. Therefore, the trial court was correct in submitting the case to the jury upon the instructions given.

The trial court allowed Perkins and wife a lien on certain crops, the production of their labor. Gelvin insists this was erroneous because there was no evidence the wife worked in the fields. She testified she worked in the fields three days. This is sufficient to refute Gelvin's argument. The trial court likewise allowed an attorney's fee of $50 for the establishment of the lien. Gelvin insists there is no evidence in the record to show what is a reasonable attorney's fee. Perkins asserts it was agreed in open court that $50 was reasonable. This is not denied. Evidence of what is reasonable is unnecessary where the parties agree. Evidence thereon is only necessary when the parties are in disagreement as to the amount.

Judgment affirmed.

OSBORN, C. J., and BUSBY, WELCH, PHELPS, CORN, and HURST, JJ., concur. RILEY and GIBSON, JJ., absent.