## SMITH v. LONG.

No. 27607.   Oct. 4, 1938.

Grester H. LaMar, for plaintiff in error.

Ross Rizley and Vincent Dale, for defendant in error.

PER CURIAM. On October 19, 1935, Sarah E. Long filed an action against Aman-

da Smith for services for work and labor under an oral contract to be performed in caring for the said Amanda Smith, an elderly woman.

The parties will be referred to as plaintiff and defendant, as they appeared in the trial court. Judgment was for the plaintiff after a verdict of the jury in the sum of $1,800.

It is alleged that on or about the 1st day of August, 1925, Amanda Smith requested the plaintiff to come to the defendant's home and do certain work and labor each and every day. The nature of the services is alleged to be for the care of an elderly lady and to have been performed under and by virtue of an oral contract without any agreed price for the amount to be paid other than that she was to be paid for such services. The petition bases the action upon a reasonable amount for such services. It is further alleged that during the years 1925 to and including August 1, 1932, the reasonable value of the services for the work and labor performed was and is 40 cents per day; that from and after the 1st day of August, 1932, to and including October 15, 1935, said services were reasonably worth the amount of $1 per day.

The prayer was for $2,162.

In an answer defendant denied the allegations and pleaded specially that if such services were rendered, they were not rendered within three years next preceding the filing of the action.

At the trial plaintiff, both in the opening statement of counsel and in the evidence, relied upon a contract between the plaintiff and the defendant wherein the defendant had agreed to provide for the payment of the services by will. In this connection plaintiff states that the defendant "promised to leave it to me when she was gone"; she further testified that she made frequent demand to see the will of the defendant and requested at certain times that defendant make such a will as was contemplated so that the plaintiff would be safe and assured and that she would obtain her remuneration.

The first assignment of error is that the court erred in overruling the motion of the defendant for a judgment upon the opening statement of counsel for the plaintiff. This is based upon the fact that the plaintiff in her opening statement first disclosed that she relied upon the fact that the defendant had agreed to take care of her in her will. Defendant states that she shall content herself with the above statement, inasmuch as it is carried forward with the other assignments of error. This assignment of error is not good, for the reason that nowhere did the defendant either object to the opening statement on the ground that there was a variance, or except to the introduction of any of the evidence relating to the alleged agreement. The error, if any, should have been preserved by an objection to the evidence either before the witness testified or when it was offered. In First National Bank of Mounds v. Cox, 83 Okla. 1, 200 P. 238, it is said that an objection on the ground that the evidence varies from the facts pleaded in the petition should be made at the time such evidence is offered; otherwise, the objection is waived.

The second and third assignments of error are presented in the specifications, and are that the court erred in overruling the motion for new trial, and that the verdict is not sustained by sufficient evidence. We think the evidence reasonably sustains the verdict and judgment. Plaintiff testified that she worked all the years alleged in her petition, doing the washing and ironing, carrying water for the defendant and keeping the house, cleaning it after dust storms and staying nights with the defendant when required; that the defendant consistently promised to pay her if she would wait; that the plaintiff discovered on or about October 1, 1935, that the defendant, in spite of her promises, had already made her will and left everything to a family named Burdner; that at this time, on or about October 1, 1935, she confronted the defendant with these facts, whereupon the defendant told the plaintiff that she, the defendant, did not intend to comply with her agreement, and that thereupon the plaintiff quit working for the defendant and this action resulted. We are of the opinion, and hold, that such allegations of fact and the proof thereof constituted a cause of action and are sufficient to sustain the judgment rendered. A reference is made to Patterson v. Patterson, 13 Johns (N. Y.) 379. Therein it will be seen that a father offered his child certain property if he would stay with the father until his death. A controversy arose and the son refused $750 offered him for his services and sought specific performance under the terms of the contract. The court held that the son could not sue until after the father had died, for there had never been a default. The question at bar is, Where the contract is repudiated during the life of promisor, can the plaintiff maintain the action? In this connection we wish to refer to Updike v. Ten Broeck, 32 N. J. L. 105. Therein it is said:

"An action by a son against the estate of his deceased father, for compensation for services rendered after he became of age, may be maintained, when it is shown that the work was done under an · agreement made between the father and son, that the son should be satisfied for his services at the death of the father. Such a contract need not be in writing.

"If a full performance of the contract is rendered impossible by the father turning the son away, a recovery for the services rendered under it can be had upon the common counts. When the suit is not brought upon a special contract, but on the ground that the contract was repudiated, an allowance of interest from the end of each year's service is usual and right."

In the opinion, at page 116, it is said:

"If the testator turned the plaintiff away, so that he could not perform that contract, then plaintiff could maintain his action for his labor already performed and upon the common counts."

See, also, note to Goodloe v. Goodloe, 116 Tenn. 252, 6 L. R. A. (N. S.) 703, and Bonesteel v. Van Etten, 20 Hun (N. Y.) 468, therein cited. In the latter case a father drove the son away, and the son sued the estate after the death of the father. He was held barred, for his action arose at the date of the repudiation.

The "common counts" in our jurisdiction would be the contract to pay for the services either expressed or implied. We hold that the plaintiff here had the right, upon being informed that the defendant did not consider herself bound by the agreement, to sue from and after the date that she was informed that the defendant had repudiated the agreement and refused to make any settlement. Gelvin v. Perkins, 180 Okla. 82, 68 P.2d 75. This being true, the three-year statute had not run against the cause of action. (Section 101, subd. 2, O. S. 1931.) No other theory is reasonably sound. We do not believe that the plaintiff would be forced to wait until the defendant dies and then seek recourse from her estate, which might already be depleted. We see no reason why, when the defendant clearly and unequivocally repudiated the agreement, the action should not lie. The evidence is sufficient to sustain the allegation that the defendant repudiated the agreement, upon which event the plaintiff had the right to bring the action. Plaintiff states that she confronted the defendant with the fact that she had made the will to the Burdners, after the plaintiff had obtained this information, and that then and there the defendant admitted that she had made the will to the Burdners and

did not intend to comply with her agreement to make the necessary arrangements to pay the plaintiff.

The remaining assignments of error, 4 to 12, inclusive, are consolidated under the statement:

"Can a suit be brought prior to the death of the promisor under a purported breach of contract to devise property in consideration of services·rendered by the promisee?"

Defendant refers to Poole v. Janovy, 131 Okla. 219, 268 P. 291. This suit is not brought for a breach of promise for failure to provide for the plaintiff in a will. The breach of promise, or the enforcement of a promise to provide in a will, is a cause of action separate and distinct from the nature of the action at bar. See Patterson v. Patterson, supra. We have reviewed the petition as to its allegations and find that it states a cause of action for failure to pay for services rendered. The petition was not attacked by a demurrer and has only been attacked for the reason that there is a variance in the facts pleaded in the petition and the evidence offered with relation to the cause of action. The evidence with relation to the agreement to provide in the will is pointed out in the case at bar, as a matter of inducement. We have stated that if there is a variance between the facts pleaded and the evidence offered, it has not been properly attacked. The substance and effect of the pleading is for services rendered and the breach of an agreement to pay. The substantial result, then, is that in the absence of a proper objection to the evidence at the time it is offered, there is competent evidence in the record to support the allegations of the petition.

The judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.