195 P.2d 370

## NACCARATO v. VILLAGE OF PRIEST RIVER.

### No. 7413.

Supreme Court of Idaho.

June 23, 1948.

Bandelin & Bandelin, of Sandpoint, and W. F. McNaughton and H. S. Sanderson, both of Coeur d'Alene, for appellant.

Everett E. Hunt and Raymond T. Greene, Jr., both of Sandpoint, for respondent.

HYATT, Justice.

Respondent sued for personal injuries sustained as the result of an automobile, in which he was riding as a passenger, striking a hole and ditch in the street of appellant Village and thereby colliding with a tree at the side of the street. The court, trying the case without a jury, made findings and entered judgment for plaintiff.

Plaintiff by his complaint alleged (Italics ours):

"* * * That at a point on said Highway No. 10 where First Street crosses said highway within the Village of Priest River, the said Village of Priest River, through its water system employees, *dug a ditch extending completely across said highway; said ditch being approximately eight (8) inches in depth and approximately five (5) inches in width, for the purpose of draining a hole caused by the breaking of a water main owned and operated by the Village of Priest River, Idaho.* That said hole was approximately two and one-half (2½) feet wide and approximately eight (8) inches in depth.

"That the said Village of Priest River, Idaho through its water system employees negligently failed to place any warning signs, warning lights, or barricades at the scene of said hole and ditch. That the automobile in which this plaintiff was a passenger was proceeding in an easterly direction on said Highway No. 10 within the corporate limits of the Village of Priest River, Idaho, on the date heretofore set up at a speed of not to exceed twenty (20) miles per hour. *That said automobile struck said hole and ditch* with the result thereof causing said automobile to be thrown to the North across a ditch and into a tree * * *."

The evidence substanially showed, and the court found (Italics ours):

"* * * That at a point on said highway No. 10 where First Street crosses said highway within the Village of Priest River, the said Village of Priest River, through its water system employees, *permitted a water main to remain broken for a period of more than three days, with the result that water from said main was permitted to flow over and across said highway, with the result that said water flowing created an icy condition upon said highway. That as said water attempted to flow across said highway it caused a natural ditch approximately eight (8) inches in depth and approximately five (5) inches in width upon said highway. That in addition thereto the water flowing from said broken main caused a hole approximately two and one-half feet (2½') wide, and approximately eight (8) inches in depth to form in said highway.*

"That the said Village of Priest River, Idaho through its water system employees negligently failed to place any warning signs, warning lights, or barricades at the scene of said hole and ditch. That the au-

tomobile in which this plaintiff was a passenger was proceeding in an easterly direction on said Highway No. 10 within the corporate limits of the Village of Priest River, Idaho, on the date heretofore set up at a speed of not to exceed twenty (20) miles per hour. *That said automobile struck said hole and ditch* with the result thereof causing said automobile to be thrown to the North across a ditch and into a tree * * *."

Appellant Village assigns as errors:

(1) The entry of Judgment for plaintiff;

(2) The overruling of its objection to the introduction of evidence that the ditch was formed by water flowing from a broken main;

(3) The making of the first paragraph of the finding above set forth;

(4) The failure to find plaintiff guilty of contributory negligence proximately causing his injuries.

As to assignments (2) and (3), appellant contends the allegation of the complaint that defendant dug a ditch across the highway was so fatally at variance from the proof and finding that the ditch was created by water flowing across the ice in the street, as not to permit the admission of such proof and the making of such finding.

Appellant objected to certain evidence that the water flowing from a broken main formed the hole in the street, the icy condition upon the highway, and the ditch therein, but only after several witnesses, called by plaintiff, had previously testified without objection to such broken water main, the flow of water, the resulting conditions and hazards created thereby, and substantially all the same matters subsequently objected to.

■ A party who fails to object to the admission of evidence waives an objection to the subsequent admission of the same or similar evidence. 64 C.J. 171; Denver & R. G. R. Co. v. Morrison, 3 Colo.App. 194, 32 P. 859; Stutsman v. Des Moines City R. Co., 180 Iowa 524, 163 N.W. 580; Cull v. McMillan Contracting Co., Mo.App., 178 S.W. 868.

■■ Error, if any, in admitting irrelevant or improper testimony is harmless where the fact which is intended to be proved thereby is fully shown by other evidence which was introduced previously or subsequently without objection. State v. Reding, 52 Idaho 260, 266, 13 P.2d 253, 255. See also Eastern Idaho Loan & Trust Co. v. Blomberg, 62 Idaho 497, at page 505, 113 P. 2d 406, holding a failure to object to evidence when introduced is a waiver of objection that it is inadmissible under the pleadings. Evidence introduced without objection stands as evidence in the case for all purposes. Angelus Securities Corp. v. Chester, 128 Cal.App. 437, 17 P.2d 1016; Hamlin v. University of Idaho, 61 Idaho 570, 574, 104 P.2d 625. And the same is sufficient to

support a finding. Powers v. Board of Public Works, 216 Cal. 546, 15 P.2d 156.

A failure to object to the evidence waives an objection that there is a variance between the evidence and the pleadings. 64 C.J. 169; Boyce v. California Stage Co., 25 Cal. 460; Bowles v. Eisenmayer, Mo.App., 22 S.W.2d 884; Smith v. Long, 183 Okl. 441, 83 P.2d 167. And in Gaffny v. Michaels, 73 Cal.App. 151, 238 P. 746, at page 747, it was said: "* * * The failure of a party to object to evidence upon the ground of variance between it and the allegations of his adversary's pleading is a tacit admission that he is not misled by it to his prejudice in maintaining his action or defense on the merits. Indeed, his failure so to object affords the best possible evidence that the the variance has not misled him to his prejudice."

See also 49 C.J. 812.

Appellant by permitting the introduction of the evidence above referred to without objection, cannot on appeal take advantage of any variance between the pleading and proof, nor the finding based on the latter. See 49 C.J. page 826, Sec. 1225.

Further, in our opinion there is no actual variance between the pleading and the proof, since it is immaterial whether the ditch was created as a result of being dug by appellant's employees, or by their neglect in letting the water run and forming the same. See Newman v. Great Shoshone & Twin Falls Water Power Co., 28 Idaho 764, 156 P. 111, wherein plaintiff alleged that defendant negligently and carelessly permitted electrical current to pass through side of plaintiff's barn, thereby setting fire to hay therein, and proof showed electrically charged wires swayed and rubbed against sides of barn creating a short circuit and producing an arc or flame which ignited hay protruding through cracks in barn.

While what we have heretofore said disposes of appellant's assignments with reference to variance, we will nevertheless consider appellant's claims to the effect that it was misled to its prejudice in maintaining its defense, since, conceding a variance existed, defendant must nevertheless have been misled to its prejudice in maintaining its defense upon the merits.

Our statutes (I.C.A.) provide:

"5-901. Material variance defined.—No variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that the party has been so misled, the court may order the pleading to be amended upon such terms as may be just."

"5-902. Immaterial variance—Amendment.—Where the variance is not material, as provided in the last section, the court may direct the fact to be found according

to the evidence, or may order an immediate amendment, without costs."

"5-907. Immaterial errors disregarded. —The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect."

Appellant must show that it was actually so misled by the allegations of the complaint. Peck v. Nixon, 47 Idaho 675, at page 679, 277 P. 1112; Aulbach v. Dahler, 4 Idaho 654, at page 659, 43 P. 322. A variance is fatal only where it has misled or may serve to mislead the adverse party. Lewis et al. v. Utah Const. Co., 10 Idaho 214, 77 P. 336; Joyce v. Rubin, 23 Idaho 296, 130 P. 793.

In urging prejudice, appellant sets forth three propositions: First, being a village of less than 2500 population, it had no duty under Chap. 156, 1945 Laws, to warn of or repair defects in a street which was a state highway, unless the ditch was dug by the employees of the Village; Second, knowing that it could disprove the allegation that its employees dug the ditch, it did not set up contributory negligence as an affirmative defense, which it otherwise would have done; Third, inasmuch as the proof was to the effect that the ditch was created by the running water, the defendant had to have actual or constructive knowledge of the defect, whereas such would not be the case if the ditch was dug by its employees,

and it therefore did not attempt to obtain evidence for the trial, to disprove such knowledge of the Village.

At the outset, it may be said that at no time during the trial did appellant call such matters to the attention of the trial court, except by the objection to the evidence hereinbefore pointed out which came too late, and it cannot now complain of being misled. See Aulbach v. Dahler, 4 Idaho 654, 43 P. 322, wherein the court states in the syllabus: "If, during the trial of a cause, the defendant is misled, to his prejudice, because of the variance between the allegations of the complaint and the proofs, he should then and there notify the court of that fact, and ask for proper relief. If he does not, he will not be permitted to first raise said question on motion for a new trial or on appeal."

To the same effect see Carey v. Lafferty, 59 Idaho 578, 86 P.2d 168; Peck v. Nixon, 47 Idaho 675, 277 P. 1112; Duthweiler v. Hanson 54 Idaho 46, 28 P.2d 210; Newman v. Great Shoshone & Twin Falls Water Power Co., 28 Idaho 764, 156 P. 111; Milwaukee Land Co. v. Bogle, 60 Idaho 451, 92 P.2d 1065.

Proceeding, nevertheless, to take up appellant's arguments in order, it is unnecessary for us to decide whether Chap. 156, 1945 Laws, which is to the effect that all state highways in an incorporated village of less than 2500 inhabitants shall be maintained at the expense of the State;

relieves such a village from liability for defects in the street which is also a state highway, since the ditch, whether dug by appellant's employees or created by their letting water run from a broken main, was, after all, the result of their conduct or neglect, and they were responsible for its existence. Appellant's contention here goes not to variance, but to the liability of the Village under the facts.

 As to the second contention, a defendant is not justified in failing to set up all the defenses which he may have simply because he feels he may be able to disprove a part or all of the complaint. Appellant takes too narrow a view of the negligence alleged, which consisted not only of the sufferance of the defects in the street, but also of the failure to warn of and barricade against the same. Under our Code, particularly Sec. 5-616, I.C.A., a defendant is permitted to set forth as many defenses as he may have, and they may in a certain sense be inconsistent with each other. Law v. Fowler, 45 Idaho 1, at page 7, 261 P. 667. And the foregoing statute not only permits, but requires, a defendant to set up any and all defenses that he may have, whether legal or equitable in character, by answer in the original action. Utah & N. R. Co. v. Crawford, 1 Idaho 770. The defense of the general issue and contributory negligence may both be raised in the answer. Rogers v. Davis, 39 Idaho 209, at page 220, 228 P. 330.

 As to the third point, sufficient evidence was brought out from the Chairman of the Board of Trustees of the Village, who was a witness for the defendant, and also from the Water Commissioner of the Village, to show an actual or constructive knowledge of the defects on the part of the defendant. Appellant could not be prejudiced in not being prepared to disprove such knowledge when its officers by their testimony disclosed the same.

 Appellant's last assignment herein is that the court erred in not finding plaintiff was guilty of contributory negligence which proximately caused his injuries. Appellant did not plead contributory negligence as a defense, and further made no request for a finding in this regard. Appellant, absent a request for such finding, cannot now raise this question. In Nelson v. Altizer, 65 Idaho 428, at page 433, 144 P.2d 1009, 1011, this court said:

"It is true, that the court must find on all the material issues tendered by the pleadings. Cheesbrough v. Jensen, 62 Idaho 255, 257, 109 P.2d 889; Sec. 7-302, I.C.A. The findings in all cases must cover the *material issues necessary to support a judgment.* Uhrlaub v. McMahon, 15 Idaho 346, 97 P. 784; Bentley v. Kasiska, 49 Idaho 416, 288 P. 897. This rule, however, is subject to a number of variations.

"It has been held that, in order to raise the question as to failure of the court to find on an issue, the aggrieved party must

call the matter to the attention of the trial court, either by a requested finding, motion, or otherwise; and that failure to do so is a waiver of the error, if any has been committed. Mine & Smelter Supply Co. v. Idaho, Consol. Mines Co., 20 Idaho 300, 310, 118 P. 301; Gould v. Hill, 43 Idaho 93, 251 P. 167; Reid v. Keator, 55 Idaho 172, 184, 39 P.2d 926; Mitchell v. Munn Warehouse Co., 59 Idaho 661, 674, 86 P.2d 174.

"There is another variation from the rule which is recognized, to the effect, that failure to find on all the issues of the case will not result in a reversal of the judgment, if the findings made by the trial court are inconsistent with the theory advanced by the appellant or presented by his pleadings and are, standing alone, sufficient to support the judgment. In other words, if the findings already made are inconsistent with the allegations and theory of appellant's case, the presumption will be indulged, that if findings had been made thereon, they would have been adverse to appellant. Stewart v. Stewart, 32 Idaho 180, 184, 180 P. 165; Reid v. Keator, supra."

See also Arestizabal v. Arestizabal, 67 Idaho 492, 186 P.2d 218; Lingenfelter v. Eby, 68 Idaho 134, 190 P.2d 130.

As pointed out in the above cases, it will be presumed that a finding, if made, would have been against the appellant.

Appellant here argues that plaintiff knew the condition of the street and failed to use ordinary care for his own safety in not warning the driver of the car in time for him to avoid striking the same; and relies on Pipher v. Carpenter, 51 Idaho 548, 7 P.2d 589, holding that although contributory negligence is not pleaded as a defense, if respondent's own evidence so conclusively shows contributory negligence that reasonable minds cannot differ thereon, he cannot recover. Plaintiff testified he told the driver of the conditions in the street, and the driver testified that either the plaintiff or the other passenger in the car warned him of it. We cannot say under the evidence that respondent was guilty of any contributory negligence as a matter of law which proximately caused his injuries.

Finding no error, the judgment is affirmed, with costs to respondent.

GIVENS, C. J., and BUDGE, HOLDEN, and MILLER, JJ., concur.