429 P.2d 714 (1967)
Mary Linn Dobson MILLER, Executrix of the Estate of Lora Linn Dobson, Deceased, Plaintiff in Error,
v.
Louise JUDD, a/k/a Mrs. Virgil W. Judd, Defendant in Error.
No. 40919.
Supreme Court of Oklahoma.
June 20, 1967.
Dragan D. Petroff, and Robert G. Grove, Grove, Winters & Cloud, Oklahoma City, Grove, Winters & Cloud, Oklahoma City, of counsel, for plaintiff in error.
Don Dale, Dale & Dale, Guymon, Stuart B. Strasner, Oklahoma City, for defendant in error.
*715 WILLIAMS, Justice.
This appeal is on the original record made in the court below, sitting with a jury, in an action wherein plaintiff, defendant in error herein, sought to recover from Mary Linn Dobson Miller, executrix of the Estate of Lora Linn Dobson, deceased, plaintiff in error herein, compensation for services allegedly rendered to Lora Linn Dobson (hereinafter referred to as Mrs. Dobson) during her lifetime and to said executrix in furtherance of the administration of Mrs. Dobson's estate. The parties herein will be referred to as they appeared below, i.e., defendant in error will be referred to as plaintiff and plaintiff in error will be referred to as defendant.
In her petition below, plaintiff alleged that from January 1, 1960, until Mrs. Dobson's death on December 30, 1962, she (plaintiff) acted "as the personal secretary, companion, and business manager" of Mrs. Dobson; that Mrs. Dobson "did repeatedly promise this plaintiff that she would be adequately compensated for such services"; that the reasonable value of such services rendered by plaintiff during the specified years was $2400.00 in 1960, $3600.00 in 1961, and $4200.00 in 1962. Plaintiff also alleged that she, at the request of defendant, "did perform additional services for the estate of Lora Linn Dobson in that she did perform all services customarily performed by an administrator for the period from December 30, 1962, to March 25, 1963" and "that the reasonable value of such services during such period amounts" to $1500.00. Plaintiff further alleged that she had filed *716 a claim with defendant as executrix of the estate of Lora Linn Dobson for the above stated amounts and that such claim had been rejected.
Defendant answered by general denial, except admitting that plaintiff had filed a claim with the Estate of Lora Linn Dobson and that such claim had been rejected.
At trial, defendant moved to require plaintiff "to make election on the theory on which she proceeds, whether on the theory of express contract or quantum meruit". This motion was overruled by the court. Thereupon, plaintiff testified, in brief summary, that in the summer of 1959, Mrs. Dobson, who was then nearing 80 years of age, asked for plaintiff's assistance in handling mail and getting certain affairs in order; that at the time of this conversation, Mrs. Dobson stated to plaintiff, "you will be amply repaid"; that beginning in January, 1960, plaintiff performed various services for Mrs. Dobson, including the purchasing of groceries and foodstuffs, obtaining and posting the mail (Mrs. Dobson had no home postal delivery), doing light housekeeping, depositing money to various checking and savings accounts, obtaining certain supplies and necessities such as stationery and prescription drugs, and assembling financial data and papers for use in preparing Mrs. Dobson's income tax returns. Plaintiff also testified that as Mrs. Dobson became more infirm, she (plaintiff) was required to read to and often answer for Mrs. Dobson the large volume of mail received.
In December, 1962, Mrs. Dobson was hospitalized in Liberal, Kansas, for approximately ten days after which she was transferred to a convalescent home in Guymon, Oklahoma. She died in Guymon on December 30, 1962. During this period of confinement, plaintiff testified that she performed numerous services relative to Mrs. Dobson's personal needs and affairs, which services, due to Mrs. Dobson's confinement in other cities, required considerable traveling by automobile.
In her testimony, plaintiff estimated that she spent approximately 120 hours in each month of 1960 performing the above described services, and that because of Mrs. Dobson's steadily declining health, these hours increased to 150 in each month of 1961 and to 180 in each month of 1962. Plaintiff placed a value of $1.25 an hour for each hour spent in the performance of such services in 1960, and a value of $1.50 for each hour so spent in the years 1961 and 1962. In addition to the compensation sought for the hours spent performing services for Mrs. Dobson, plaintiff also claimed an amount, apparently $50.00 per month during the period of employment, for reimbursement of automobile expenses.
Plaintiff further testified that, in addition to the statement made in 1959, Mrs. Dobson on several other occasions stated that plaintiff would be amply repaid for her services. Plaintiff also testified that on several occasions in 1961 Mrs. Dobson stated that she intended to provide in her will that plaintiff would receive one third of her estate; and, that on several occasions in 1962, Mrs. Dobson mentioned adopting plaintiff to insure that plaintiff would be compensated for her services. A third party corroborated plaintiff's statements by testifying that on several occasions Mrs. Dobson had stated to witness that she (Mrs. Dobson) intended to pay plaintiff for her services; that she intended to leave plaintiff one third of her estate; and, finally, that she intended to adopt plaintiff and devise to plaintiff one third of her estate.
Defendant repeatedly objected to the above testimony of plaintiff relating to her possible inheritance under the will of Mrs. Dobson and to her proposed adoption by Mrs. Dobson. The court allowed into evidence portions of this testimony which related to promises to compensate plaintiff, but sustained the objection to testimony relating to adoption. The court subsequently allowed all such evidence to be received on the theory that "certain features attached *717 to these conversations" had already reached the jury.
As indicated above, plaintiff also sought in a separate count compensation in the amount of $1500.00 for services rendered to the Estate of Lora Linn Dobson. As to this separate count, plaintiff testified that defendant had stated subsequent to Mrs. Dobson's death that although defendant would be appointed executrix of Mrs. Dobson's estate, plaintiff would be administratrix in fact and would receive the fee allowed for such services. Plaintiff further testified in detail as to the services she had rendered to the Estate of Lora Linn Dobson during the period of time set forth in her petition. To establish the value of these services, an expert witness, an attorney, testified as to the statutory compensation provided for services of an executrix or administratrix.
During her lifetime, Mrs. Dobson's home had been in Hooker, Texas County. At the time plaintiff's services to Mrs. Dobson's estate (as well as those for Mrs. Dobson during her lifetime) were performed, her only immediate relative, a daughter (defendant executrix), was a resident, with her family, of Louisiana and consequently not immediately available to render the services required.
At the close of trial, plaintiff moved for a directed verdict and defendant demurred to the evidence and also moved for a directed verdict. The court overruled both motions and the demurrer. After cause was submitted to the jury, a general verdict in the sum of $4500.00 was returned for plaintiff. This verdict did not specify the amounts returned on each cause of action alleged by plaintiff. From judgment upon this verdict, defendant appeals.
For reversal, defendant in her brief presents some eight propositions. Several of these propositions present different aspects of some of the same basic contentions. Where possible, they will be considered together.
In her first proposition for reversal, defendant contends that "(T)he trial court erred in not having required that the jury bring in separate verdicts as to each of the two separate causes of action." However, as defendant did not object to the form of the verdict, either when it was rendered or before the jury was discharged from consideration of the case, it is our opinion defendant's contention is answered by the following language from Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664, 666:
"The general rule is that where separate causes of action are submitted together, a general verdict should not be returned, but separate findings should be returned on each cause of action. Davon Oil Co. v. Steele, 186 Okl. 380, 98 P.2d 618, St. Louis & S.F. Ry. Co. v. Farmers' Union Gin Co., 34 Okl. 270, 125 P. 894. However, it is equally as well recognized that where there is a general verdict based upon several causes of action and the defendant fails to object thereto at the time the verdict is returned and before the jury is discharged, such failure constitutes a waiver of objections to the form of the verdict."
Defendant also contends, in her second and eighth propositions, that the trial court erred in not requiring plaintiff to elect between the allegedly inconsistent remedies of an action on an express contract and an action on an implied contract on quantum meruit; and, that any evidence adduced by plaintiff in attempt to establish that Mrs. Dobson intended to provide for plaintiff in her will or that Mrs. Dobson intended to adopt plaintiff tended to establish an express contract and was at variance with plaintiff's cause of action based upon an implied contract and was irrelevant and highly prejudicial. We do not agree with these contentions.
In our opinion, plaintiff's evidence relative to her possibly inheriting from or being adopted by Mrs. Dobson, even if true, without more, would not establish the existence of an express contract. From the uncontradicted evidence in the record before this Court, Mrs. Dobson solicited plaintiff's aid in the summer of *718 1959 and stated at that time that plaintiff would be amply repaid, thus indicating plaintiff would not be expected to serve gratuitously. Not until after plaintiff had been performing such requested services for over a year did Mrs. Dobson mention her suggested intentions of providing for plaintiff in her will or of adopting plaintiff. It is difficult to perceive how such expressions on the part of Mrs. Dobson, made after the relationship between herself and plaintiff had already been entered into, could have amounted to an express agreement, as of the inception of the arrangement, to include plaintiff in her will or to adopt plaintiff. Thus, in our view, in order for us to hold that the admission of the subject evidence was error, we would first have to determine that it was irrelevant and prejudicial to defendant.
Although not clearly set forth in connection with her second and eighth propositions, defendant's apparent basis for contending that the evidence relating to inheritance and adoption is irrelevant and highly prejudicial is that such evidence was relevant only to the question of whether plaintiff's services were performed gratuitously, an issue which defendant contends could have been raised only by an affirmative pleading in her answer. She states such issue was not raised by her pleadings, and argues that such evidence is inadmissible.
It is true "that the performance of beneficial work and labor, at the recipient's request or with his consent, raises a presumption that payment was to be made therefor." In re Smith's Estate, 202 Okl. 302, 213 P.2d 284, 287. However, in our opinion the existence of this presumption does not make inadmissible any evidence tending to support such presumption. In addition, it should be noted that defendant, although not pleading that plaintiff performed the services gratuitously, did attempt to elicit testimony on cross-examination of plaintiff and one of plaintiff's witnesses to the effect that plaintiff had stated she was performing the services based upon friendship and did not expect to be compensated therefor.
Further, it is our opinion that such evidence was also relevant and admissible to indicate inducement of plaintiff to perform the requested services for Mrs. Dobson. Smith v. Long, 183 Okl. 441, 83 P.2d 167. As we stated in Price v. Rogers, 201 Okl. 678, 209 P.2d 683, 684:
"A fact or circumstance is relevant if it legally tends to prove some matter in issue or to make a proposition in issue more or less probable."
For these reasons, we hold that the trial court did not err in admitting the evidence relative to the possibility of plaintiff inheriting under terms of Mrs. Dobson's proposed will or pursuant to suggested adoption of plaintiff by her.
In defendant's third proposition, she contends that the trial court erred "in having submitted the causes of action for the jury's consideration and deliberation on the theory of a quantum meruit but without proper instructions on the law of quantum meruit."
In the record before us, it is clear that defendant neither objected at trial to the language of the court's instructions concerning quantum meruit nor submitted her own requested instructions on this phase of the case. For this reason, defendant will not be heard to complain on appeal of the instructions given by the trial court. Bunch v. Perkins, supra.
In her fourth proposition, defendant contends that the trial court erred in admitting certain exhibits without proper foundation, authorization or identification. The trial court admitted these exhibits, mainly letters which were written subsequent to Mrs. Dobson's death by defendant to plaintiff, in bulk, and stated that the court had not read them, that they were lengthy but that the jury might peruse them although it would take a day to read them, that much of the matter was immaterial but that the jury could properly consider such portions thereof *719 as would shed light on whether defendant owed plaintiff any "money, and if so, how much."
We have carefully read all the exhibits objected to and although many are long letters expressing personal matters, etc., there are many portions which relate to services performed by plaintiff for defendant as executrix of Mrs. Dobson's estate. Although some portions of the exhibits tend to be immaterial and cumulative, our examination of such matter leads us to the opinion that any error in their admission in bulk was merely harmless.
Defendant also contends that the trial court erred in admitting as an exhibit, a preliminary inventory of Mrs. Dobson's estate prepared by plaintiff. Defendant in her brief states that the trial court, in admitting such inventory, apparently relied upon Mosley v. Mosley, Okl., 321 P.2d 421, 423, wherein we held an inventory admissible on the basis that "[p]roof of the approximate value of property in the estate indicated the financial independence of deceased and removed any doubt that the services might have been gratuitous because of the inability of the deceased to pay therefor."
Defendant distinguishes the above statement out of the Mosley opinion from the present case on the ground that a family relationship was involved therein which relationship raised the presumption that any services rendered were gratuitous. Defendant then contends that as no family relationship is involved herein, and as the defense of gratuity was not raised, Mosley is inapplicable. We disagree.
A careful reading of our opinion in Mosley will disclose that there, contrary to defendant's statements herein, we found that the relationship between the parties did not constitute such a family relationship, as to create a presumption that the services were gratuitous. In our opinion, Mosley is not distinguishable and the above quoted language therefrom is pertinent to the question of the admissibility of the exhibit herein.
In her seventh proposition for reversal, defendant contends that the judgment herein can not be sustained on the theory of quantum meruit because plaintiff's testimony standing alone does not establish the reasonable value of the services rendered. Plaintiff had testified that she placed the respective values per hour on her services that she had alleged in petition and testified to the number of hours she worked, etc.
Although defendant cites no decisions of this Court to support her contention, she does cite Leon Farms Corp. v. Beeman, 240 S.W.2d 433 (Tex.Civ.App.) and 98 C.J.S. Work and Labor § 47. However, even assuming defendant's contention to be a correct statement of the law, it is also true that a jury may determine without the aid of opinion evidence the question of the reasonable value of services rendered if such services are within the common knowledge of the jury. 98 C.J.S., supra. In our opinion, the services performed by plaintiff as described in the facts recited herein are such as to be clearly within the common knowledge of the jury.
Defendant's fifth proposition contending that the verdict was excessive and unwarranted under the evidence is based upon other contentions which have been answered in the above discussion.
No contention was made in the trial court or is here made that the "dead man's statute" (12 O.S. 1961, § 384) should have application in this case.
Finding no reversible error in the record before us, the judgment of the court below based upon the jury verdict is affirmed.
All the Justices concur.